IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CHRISSIE WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 01-3300 |
| | ) | |
| STATE OF ILLINOIS, DEPARTMENT OF REVENUE, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**OPINION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Plaintiff Chrissie Washington alleges that the Defendant State of Illinois, Department of Revenue wrongfully retaliated against her for filing a claim of discrimination.  See 42 U.S.C. § 2000e-3(a).  The parties have consented to a determination of this case by the United States Magistrate Judge, pursuant to 28 U.S.C. § 636.  Order, March 26, 2003 (d/e 13).  This Court granted summary judgment in favor of Defendant on October 2, 2003.  Order, October 2, 2003 (d/e 23).  Plaintiff appealed, and the United States Court of Appeals for the Seventh Circuit reversed the judgment and remanded the case for trial.  Washington v. Illinois Dept. of Revenue, 420 F.3d 658, 663 (7th Cir. 2005).

Following remand, this Court directed the parties to file briefs outlining their positions regarding the issues that remain for trial. They have done so. Plaintiff asserts that two distinct instances of retaliation remain for trial. According to Plaintiff, the first instance of retaliation was the abolition of her original position, and the second was the denial of her request for flex time in the new position. Plaintiff asks the Court to instruct the jury that if they find that either act was retaliatory, Washington is entitled to recover damages. Defendant disagrees with Plaintiff's assessment, arguing that only one alleged instance of retaliation remains viable, i.e., the denial of Washington's request for flex time. After considering the parties' submissions and the case file, for the reasons set forth below, the Court finds that two instances of alleged retaliation remain at issue: (1) the abolishment of Washington's original position with the corresponding abolishment of the flex-time benefits she had enjoyed since 1984, and (2) the denial of her request for flex-time benefits in her new position.

Plaintiff's Complaint alleges that Defendant retaliated against her when it "(A) Abolished her position and forced her to transfer into a different position, (B) Denied her flex time which she had been working under since

1984 . . . ." Complaint (d/e 1), ¶ 8.  This Court granted summary judgment in favor of Defendant, holding that Plaintiff was unable to establish an adverse employment action.  Plaintiff appealed, arguing (1) an adverse employment action is unnecessary in retaliation suits and, in the alternative, (2) she is able to establish an adverse employment action.  The Court of Appeals reversed, rejecting Plaintiff's first argument, but accepting her second.  Washington v. Illinois Dept. of Revenue, 420 F.3d 658 (7th Cir. 2005).  Specifically, the Court of Appeals held that, indulging all reasonable inferences in Washington's favor, summary judgment in favor of Defendant was not appropriate because "[a] jury could find that the Department set out to exploit a known vulnerability and did so in a way that caused a significant (and hence an actionable) loss."
Id. at 662-63.

　　　The Court notes that Plaintiff, in her Appellant's Brief, argued that she could establish an adverse employment action in that "[s]he was forcibly transferred against her will to a new position and the new position did not allow her to work a flexible shift."  Washington v. Illinois Department of Revenue, U.S. Court of Appeals for the 7th Cir. Case No. 03-3818, Appellant's Br., p. 15.  In its Opinion, the Court of Appeals characterizes

Washington's allegations as follows: "that her job was abolished and that she was then placed in a 'new' Executive Secretary I position." Washington, 420 F.3d at 662. The Court noted that for most people this would be no different from a change of supervisors. Id. However, according to the Court of Appeals' Opinion,

> because Washington was assigned to a "new position" rather than just a new supervisor, she had to reapply for a flex-time schedule. The approval she had received in 1984 covered only her "old" position, and the Department insisted that she work a normal 9-to-5 schedule at her "new" job. What the Department effectively did, then, was assign her a new supervisor and change her hours. Again this would not be materially adverse for a normal employee – but Washington was not a normal employee, and [the Department] knew it.

Id.

Defendant asserts that allowing Plaintiff to base a claim on the abolition of her job without more would be contrary to the findings of the Court of Appeals and current Title VII case law. However, as the Court of Appeals recognized, "By and large a reassignment that does not affect pay or promotion opportunities lacks this potential to dissuade and thus is not actionable. But 'by and large' differs from 'never.'" Washington, 420 F.3d at 662. The Court of Appeals clearly recognized the possibility that Washington's reassignment fell outside the general rule based on the fact

that it resulted in the termination of flex-time benefits she had enjoyed since 1984. The fact that the Court of Appeals opined that Defendant could prevail by showing that it had a non-retaliatory justification does not alter this finding. As the Court of Appeals expressly stated, the Defendant could prevail by establishing "a nondiscriminatory reason for moving Washington to a different post and changing her schedule." Id. at 663. Thus, both alleged instances of retaliation remain viable.

THEREFORE, the Court finds that the following instances of alleged retaliation remain at issue: (1) the abolishment of Washington's original position with the corresponding abolishment of the flex-time benefits she had enjoyed since 1984, and (2) the denial of her request for flex-time benefits in her new position. Final pretrial conference set Thursday, March 23, 2006, at 3:00 p.m.

IT IS THEREFORE SO ORDERED.

ENTER: February 14, 2006

FOR THE COURT:

s/ Byron G. Cudmore
_____
BYRON G. CUDMORE
UNITED STATE MAGISTRATE JUDGE