# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| CHRISSIE WASHINGTON, | ) |
| Plaintiff, | ) |
| v. | ) No. 01-3300 |
| STATE OF ILLINOIS, DEPARTMENT OF REVENUE, | ) |
| Defendant. | ) |

## **OPINION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

   This Court herein reaffirms its denial of Plaintiff Chrissie Washington's oral Motion for a Mistrial based on this Court's ruling regarding the applicability of Fed. R. Evid. 611(c) to the testimony of witness Robert Tapscott.  Plaintiff's counsel argued that this court erred in refusing to permit him to use leading questions during his direct examination of Tapscott and in refusing to grant him a sidebar to discuss the issue.  These arguments are unpersuasive, as set forth below.

   Near the outset of Plaintiff's direct examination of Tapscott, Plaintiff's counsel sought leave to treat witness Tapscott as a hostile witness under Rule 611(c).  Defendant objected, and the Court denied Plaintiff's request as

unfounded. The Court, however, granted Plaintiff leave to renew the request after laying a foundation. After additional questioning, Plaintiff renewed her request. Defendant again objected, and the Court again denied the request as unfounded. Subsequently, outside the presence of the jury, Plaintiff's attorney moved for a mistrial based on this ruling. The Court denied Plaintiff's motion.

Under Rule 611, "[t]he court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611(a). Rule 611(c) addresses the use of leading questions on direct examination as follows: "Leading questions should not be used on the direct examination of a witness except as may be necessary to develop the witness' testimony. . . . . When a party calls a hostile witness, an adverse party, or a witness identified with an adverse party, interrogation may be by leading questions." Fed. R. Evid. 611(c). "The normal sense of a person 'identified with an adverse party' has come to mean, in general, an employee, agent, friend, or relative of an adverse party." Vanemmerik v. The Ground Round, Inc., 1998

WL 474106, *1 (E.D. Pa. 1998) (collecting cases). As one district court has recognized, "Scholars have warned that, although the rule allows ample room to maneuver, "the courts should be careful before extending this list much further." Id. (citing 28 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 6168, *6 (1993)).

Even if a witness is not an adverse party, or identified with an adverse party, the Court may find the witness to be "hostile" under Rule 611(c). "This classification usually involves a showing by the examining party that the witness is biased against the direct examiner, his/her client or both and often is demonstrated by examples of that witnesses demeanor." Id. at *2 (citing 28 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 6168, *7 (1993)).

In the instant case, the Court was able to observe Tapscott's testimony, including his motions, facial expressions, and voice inflection, on direct examination. The Court notes that at no time did Tapscott exhibit any hostility or evasiveness. Moreover, while the Court granted Plaintiff leave to renew the motion after establishing a foundation along with substantial leeway to establish such a foundation, the Court was never presented with any evidence of a current alliance between witness Tapscott and the Defendant. The

evidence that was presented showed that Tapscott had been employed by Defendant from 1988 until his retirement in 2002 and that he held a Program Administrator position with Defendant.  Therefore, the Court determined that Plaintiff failed to meet her burden of showing that Tapscott was identified with Defendant or hostile.  Absent this showing, leading questions were not appropriate on direct examination.

Moreover, the Court recognizes that Rule 611 gives the Court discretion to control the interrogating of witnesses.  "Although not explicitly stated, the rule is consistent with what has long been the law – that in the use of leading questions 'much must be left to the sound discretion of the trial judge who sees the witness and can, therefore, determine in the interest of truth and justice whether the circumstances justify leading questions to be propounded to a witness by the party producing them.'"  Ellis v. City of Chicago, 667 F.2d 606, 612 (7th Cir. 1981) (citations omitted).  Rule 611(c) is expressly permissive, stating that "[w]hen a party calls a hostile witness, an adverse party, or a witness identified with an adverse party, interrogation may be by leading questions."  Fed. R. Evid. 611(c) (emphasis added).  In the instant case, none of the information before the Court justified Plaintiff's use of leading questions on the direct examination of witness Tapscott.  Plaintiff in

her Motion for Mistrial complained about Defendant's use of leading questions in the cross-examination of Tapscott.  However, Plaintiff called Tapscott as her witness, thus, Defendant was entitled to ask leading questions on cross-examination.  Ellis, 667 F.2d at 612.

Furthermore, the Court notes that Plaintiff has failed to show that she was prejudiced by the denial of her request to present leading questions during her direct examination of witness Tapscott.  See Ellis, 667 F.2d at 612. The Court specifically asked Plaintiff's counsel to identify any testimony that he would have elicited using leading questions and he failed to do so.  Turning to the denial of Plaintiff's request for a sidebar, it is clear that a party is not automatically entitled to a sidebar, as the Court has discretion to manage the proceedings before it.  If Plaintiff wished to raise the issue with the Court outside the presence of the jury, she could have done so at a break in the trial, or through a motion in limine.  Furthermore, Plaintiff has again failed to show any prejudice resulting from the denial of her request for a sidebar.

It is the Court's recollection that after cross-examination of Tapscott by Defendant, Plaintiff did not conduct any re-direct examination.  Further that Tapscott was called as Defendant's sole witness in its case in chief and Plaintiff did not conduct any cross examination of Tapscott.  The record

reflects Plaintiff had multiple opportunities to vigorously question Tapscott during the trial.

THEREFORE, Plaintiff's oral Motion for a Mistrial was and is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER:  October 5, 2006

       FOR THE COURT:

s/ Byron G. Cudmore

_____
BYRON G. CUDMORE
UNITED STATE MAGISTRATE JUDGE