# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| CHRISSIE WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 01-3300 |
| ) | |
| STATE OF ILLINOIS, DEPARTMENT ) | |
| OF REVENUE, ) | |
| ) | |
| Defendant. ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter is before the Court on Plaintiff's Rule 59 Motion for a New Trial (d/e 88). Plaintiff asserts that a new trial is warranted because this Court erred in refusing to permit her to use leading questions during her direct examination of witness Robert Tapscott. For the reasons set forth below, the Motion is denied.

Near the outset of Plaintiff's direct examination of witness Tapscott, Plaintiff's counsel sought leave to treat Tapscott as a hostile witness under Federal Rule of Evidence 611(c). Defendant objected, and the Court denied Plaintiff's request. The Court, however, granted Plaintiff leave to renew the request after laying a foundation. After additional questioning,

Plaintiff renewed her request. Defendant again objected, and the Court again denied the request. Subsequently, outside the presence of the jury, Plaintiff's attorney moved for a mistrial based on this ruling. The Court denied Plaintiff's motion on the record and reaffirmed that decision by Opinion, dated October 5, 2006 (d/e 82). Plaintiff now raises the refusal to allow her to utilize leading questions in her direct examination of Tapscott as a basis for a new trial under Federal Rule of Civil Procedure 59.

Under Rule 59, "[a] new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States . . . ." Fed. R. Civ. P. 59(a). The Seventh Circuit has stated that "[i]n reviewing a motion for a new trial under Fed.R.Civ.P. 59(a), the district court must determine whether the verdict is against the weight of the evidence, the damages are excessive, or if for other reasons the trial was not fair to the moving party." Winger v. Winger, 82 F.3d 140, 143 (7th Cir. 1996) (internal quotations and citation omitted); see also David v. Caterpillar, Inc., 324 F.3d 851, 863 (7th Cir. 2003) ("A new trial may be granted if the verdict is against the clear weight of the evidence or the trial

was unfair to the moving party."). Plaintiff asserts that the Court's refusal to allow her to use leading questions during her direct examination of witness Tapscott deprived her of a fair trial. The Court respectfully disagrees.

"Although a new trial may be granted based on an error in the admission of evidence, we have stated that [a] court should only grant a new trial if the improperly admitted evidence had a substantial influence over the jury, and the result reached was inconsistent with substantial justice." David, 324 F.3d at 864. This Court's Opinion, dated October 5, 2006 sets forth the basis for the Court's ruling on the Federal Rule of Evidence 611(c) issue. Plaintiff's Motion presents nothing to alter this reasoning. Plaintiff proffers that "there can be little question that Mr. Tapscott was identified with the Illinois Department of Revenue." Plaintiff's Memorandum of Law in Support of her Rule 59 Motion for a New Trial (d/e 89) (Plaintiff's Memorandum), p. 3. However, as the Court has previously noted, although Plaintiff was given the opportunity to establish a foundation for her Rule 611(c) request, along with substantial leeway to establish such a foundation, the Court was never presented with any evidence of hostility or of a current alliance between witness Tapscott and the Defendant.

Furthermore, the Court notes that Plaintiff again fails to show any prejudice resulting from the denial of her request to present leading questions during her direct examination of witness Tapscott. Plaintiff fails to identify any additional testimony that she would have elicited using leading questions.[1] Plaintiff argues that she was prejudiced by the manner in which Tapscott's evidence was presented. <u>Plaintiff's Memorandum</u>, p. 4. Plaintiff complains that, because of the nature of her questioning, Tapscott was allowed to offer explanations for his actions. However, there is no indication that these explanations prejudiced Plaintiff. Moreover, Plaintiff's supposition that Tapscott may have lost his temper if he would have been subjected to leading questions on direct examination is insufficient to show prejudice. Significantly, Plaintiff was afforded the opportunity to examine Tapscott using leading questions when he was called as Defendant's sole witness in its case in chief. Plaintiff, however, declined to conduct any cross-examination of Tapscott whatsoever. There is nothing to indicate that the Court's refusal to permit her to use leading questions during her direct examination of Tapscott affected the outcome of the trial in any way.

---

[1] The Court presumes Tapscott was deposed during discovery. If Tapscott had answered at trial inconsistent with his deposition, Plaintiff's counsel would have impeached Tapscott. Tapscott was not impeached at trial based upon prior inconsistent statements.

THEREFORE, Plaintiff's Rule 59 Motion for a New Trial (d/e 88) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER:    November 13, 2006

       FOR THE COURT:

                              s/ Byron G. Cudmore

                              _____
                              BYRON G. CUDMORE
                              UNITED STATE MAGISTRATE JUDGE